**In re Anonymous No. 6 D.B. 94**

Disciplinary Board Docket no. 6 D.B. 94.

MARROLETTI, *Member,* December 8, 1995—Pursuant to Rule 208(d)(2)(iii) of the Pennsylvania Rules of Disciplinary Enforcement, the Disciplinary Board of the Supreme Court of Pennsylvania herewith submits its findings and recommendations to your honorable court with respect to the above-captioned petition for discipline.

## I. HISTORY OF PROCEEDINGS

A petition for discipline was filed on January 14, 1994 and an answer was filed on February 23, 1994.

On April 7, 1994, the matter was referred to Hearing Committee [    ] but because of a conflict, on May 5, 1994 this matter was reassigned for disciplinary hearing to Hearing Committee [    ] consisting of [    ], chairperson, [    ], Esquire and [    ], Esquire.

On July 8, 1994, a disciplinary hearing was held before the above-named Hearing Committee. On August 12, 1994 petitioner's brief to the Hearing Committee was filed and on September 15, 1994 respondent's brief to the Hearing Committee was filed.

The Hearing Committee filed its report on January 26, 1995, recommending a three-month suspension.

On February 13, 1995, petitioner's brief on exceptions was filed arguing that the Hearing Committee had erred in not finding a violation of R.P.C. 8.4(d) which prohibits conduct that is prejudicial to the administration of justice and, further, that the punishment recommended by the committee was not sufficiently severe and should be, at least, a suspension of a year and one day so that respondent should face the test of a reinstatement proceeding pursuant to Pa.R.D.E. 218 to ascertain his fitness to practice.

On February 17, 1995, respondent's brief on exceptions was filed and oral argument was requested.

Oral argument was heard on March 24, 1995 by a panel of the Disciplinary Board, consisting of Alfred Marroletti, Esquire, chairperson and Robert J. Kerns, Esquire and Robert N. C. Nix III, Esquire, members.

The matter was adjudicated at the March 30, 1995 meeting of the Disciplinary Board.

## II. FINDINGS OF FACT

(1) Petitioner, whose principal office is now located at Suite 3710, One Oxford Centre, Pittsburgh, Pennsylvania, is invested, pursuant to Rule 207 of the Pennsylvania Rules of Disciplinary Enforcement with the power to investigate all matters involving alleged misconduct of an attorney admitted to practice law in the Commonwealth of Pennsylvania and to prosecute all disciplinary proceedings brought in accordance with the aforesaid rules.

(2) Respondent, [    ], Esquire, was born on April 2, 1963, and was admitted to practice law in the Commonwealth of Pennsylvania on or about January 2, 1991.

(3) In the summer of 1985, the respondent was arrested in [    ] for the alleged sexual solicitation of a police officer.

(4) In or about May 1990, respondent filed an application for admission to the bar of the Commonwealth of Pennsylvania.

(5) In March 1991, respondent filed an application for admission to the bar of the State of [A].

(6) In each application, respondent omitted material information and made material misstatements, as follows.

(A) Each application asks whether the applicant has ever been arrested or prosecuted for any crime (other than a summary motor vehicle violation).

(B) Each application asks whether the applicant has ever used another name.

(C) In each application, respondent answered in the negative in response to both inquiries.

(D) Respondent's answers were false in that, in the summer of 1985, as above stated, respondent was arrested on a criminal charge in [    ] and told the police that his name was "[B]."

(7) Respondent revealed the foregoing misrepresentations to the [A] Bar in August 1991.

(8) Respondent did not reveal these facts to the Pennsylvania Board of Law Examiners until April 20, 1992.

## III. CONCLUSIONS OF LAW

Respondent violated R.P.C. 8.1(a) by failing to disclose a material fact requested in connection with his

application for admission to the bar and R.P.C. 8.4(c) by so doing engaging in conduct involving dishonesty, fraud, deceit or misrepresentation.

## IV. DISCUSSION

The issues before this board are (1) did Disciplinary Counsel meet its burden of proof, *i.e.,* was respondent's violation of R.P.C. 8.1(a) and R.P.C. 8.4(c) proven by clear and convincing evidence; and (2) did the Hearing Committee err in not finding respondent in violation of R.P.C. 8.4(d), as argued by Disciplinary Counsel?

After argument before the panel of the board, the panel unanimously agreed that the record of this case, along with the exhibits submitted, led to the unfortunate, but inescapable conclusion that respondent had violated the above cited Rules of Professional Conduct.

Respondent did not deny having answered the pertinent questions, in each application for admission to the bar, "incorrectly" and argued that the ultimate issue was whether he did so intentionally and, if not, respondent argues that there is no violation of the rules.

In short, respondent admits answering the questions "incorrectly" but denies that he did so "knowingly" as he did not recall the arrest when he filled out the applications. (See N.T. 7/11/94, pp. 9-11.)

Respondent's defense is best illustrated by his testimony, wherein he stated: (1) he filled out and completed both applications for admission (N.T. 1, 5, 16); that he read the verifications, on each, before he signed the applications. (N.T. 17.)

That he understood, when he signed those verifications what they meant. (N.T. 17-18.)

That he answered them truthfully and honestly to the best of his ability. (N.T. 18); and that

"Subsequent to filing both applications, I was informed by the [A] Bar that there were inaccuracies on both applications. That's when I found out." (N.T. 18.)

In response to questions as to whether the answers were accurate, respondent replied "A. It was inaccurate after the fact, but it wasn't in my stream of consciousness when I was filling out the applications. There was no intent to deceive anyone. I filled out the applications to the best of my ability in the circumstances I was in in both cases and filled them out as completely as possible and submitted them." (N.T. 19.)

Respondent's explanation for that testimony was that he was arrested when he was a college kid and that he was intoxicated at the time it occurred and that it (the prosecution) was dismissed, withdrawn. (N.T. 19.)

He said his recall of the arrest was very vague and that he had to spend some "very painstaking hours with attorneys in [    ] trying to reconstruct the arrest." (N.T. 19.)

The Hearing Committee after substantial further direct testimony and cross-examination, concluded that respondent was not candid before the committee and found that his testimony was "ludicrous and not truthful." (p. 6 H-C report.)

Based on that conclusion, the Hearing Committee determined that respondent had violated Rules of Professional Conduct 8.1(a) and 8.4(c) and recommended that respondent be suspended for a period of three months.

This board agrees with the findings of the Hearing Committee and does not find that a violation of R.P.C. 8.4(d) has been proved by clear and convincing evidence.

The Hearing Committee in this matter was composed of three highly respected and experienced members of the bar. They had the opportunity to observe the respondent throughout the hearing, the record of which encompassed 72 pages of notes of testimony, and their conclusions with respect to respondent must be given strong consideration on the issue of whether respondent knowingly submitted false/inaccurate answers on the applications for admission to the bars of Pennsylvania and [A].

After argument by counsel and some limited questioning of respondent, who accompanied his counsel to the hearing before the panel of the board, the panel observed that respondent continued to demonstrate a high degree of indignation and resentment, almost to the point of belligerence, about the fact that he is the subject of these proceedings. The panel was dismayed and deeply concerned that the respondent could not, or would not, understand the seriousness of lying on his application for admission.

This board has been clear about its views on conduct by a respondent which reflects disrespect for the system. In *In re Anonymous No. 127 D.B. 89,* 12 D.&C.4th 106, 120 (1991) the board stated that "Respondent's disdain for the Pennsylvania Disciplinary System leads us to the conclusion that stringent discipline is warranted."

Further, in *In re Anonymous Nos. 47 & 89 D.B. 87 and 15 & 23 D.B. 88,* 12 D.&C.4th 122, 147 (1990), the respondent's failure to admit wrongdoing and the

absence of remorse were specifically cited as aggravating factors.

For these reasons, as well as the fact that this board views untruthfulness in the primary act leading to admission to the bar of this Commonwealth as a matter of key significance, we depart from the recommendation of the Hearing Committee only with regard to the appropriate discipline to be imposed.

## V. RECOMMENDATION

The Disciplinary Board of the Supreme Court of Pennsylvania respectfully recommends to your honorable court that respondent, [    ], be suspended from the practice of law for nine months. It is further recommended that respondent be directed to pay all of the expenses incurred pursuant to Rule 208(g), Pa.R.D.E.

Mr. Paris dissented and would recommend a one year and one day suspension.

Mr. Leonard recused himself.

Mr. Saltz did not participate in the March 30, 1995 adjudication.

## ORDER

And now, January 31, 1996, upon consideration of the report and recommendations of the Disciplinary Board dated December 8, 1995, it is hereby ordered that [respondent] be and he is suspended from the bar of this Commonwealth for a period of one year and one day and he shall comply with all the provisions of Rule 217, Pa.R.D.E. It is further ordered that respondent shall pay costs to the Disciplinary Board pursuant to Rule 208(g), Pa.R.D.E.